NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALFRED ROBINSON,                           )
                                           )
              Appellant,                   )
                                           )
v.                                         )        Case No. 2D13-4412
                                           )
STATE OF FLORIDA,                          )
                                           )
              Appellee.                    )
_____)

Opinion filed May 22, 2015.

Appeal from the Circuit Court for Pasco
County; Mary Handsel, Judge.

Michael C. Minardi of Kelley Kronenberg,
West Palm Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

ALTENBERND, Judge.

          Alfred Robinson appeals a withhold of adjudication and a three-year term

of probation for the offense of manufacturing marijuana in violation of section

893.13(1)(a), Florida Statutes (2012).  The withhold of adjudication and sentence were

imposed as a result of a plea following the denial of a dispositive motion to suppress.

The motion to suppress was based on the fact that detectives entered Mr. Robinson's

property without a warrant or permission.  We conclude that the detectives could not enter the property to conduct a knock and talk or to pursue a consensual encounter with Mr. Robinson without first obtaining his permission to enter the property.  We reach this conclusion because the property, a semirural homestead where the detectives found two marijuana plants, was surrounded by a chain-link fence; had a closed gate with a "no trespassing—violators will be prosecuted" sign and a "beware of dog" sign; and had a mailbox accessible from outside the fence.  These facts distinguish this case from Nieminski v. State, 60 So. 3d 521 (Fla. 2d DCA 2011).  Accordingly, the trial court was required to grant the motion to suppress.  We remand for the trial court to vacate the withhold of adjudication and sentence and dismiss the proceeding.

On July 24, 2012, three detectives went to Mr. Robinson's property on a semirural road in Spring Hill, Florida.  They were investigating an anonymous tip that the house on the property was used to grow marijuana.  It is undisputed that the detectives did not have a warrant and had not performed an investigation to establish probable cause for such an offense.  When they arrived, they discovered that the property, a small acreage, was completely surrounded by a chain-link fence.  The only entrance gate was closed but not locked.  Although the detectives did not recall any signs on the property, the trial court found that both a "no trespassing" sign and a "beware of dog" sign were posted at the entrance.  The mailbox was on a post at the fenced line outside the gate so that the mailman did not need to enter the property.

After entering the property through this gate, the officers located Mr. Robinson and convinced him to allow them to search the property.  They found the two

marijuana plants behind Mr. Robinson's house. This resulted in the State's prosecution of Mr. Robinson for manufacturing marijuana.

Mr. Robinson filed a motion to suppress arguing that the detectives' entry onto his property was an illegal search and that the State had failed to prove that his subsequent consent to search was voluntary. The trial court denied the motion based on this court's decision in Nieminski. On appeal, the parties agree that the dispositive issue is whether the detectives were authorized to enter the property without a warrant or consent.[1]

Our decision in Nieminski involves a similar anonymous tip and a similar fence, but the opinion emphasizes that the "property was not posted with 'no trespassing' signs" and "did not have any other signs that might discourage a person from entering." Id. at 522-23. There was no evidence to establish the location of the mailbox. This court held that Mr. Nieminski failed to establish that he had a reasonable expectation of privacy that included the right to assume ordinary citizens would not open his gate and knock on his front door. See id. at 528-29.

Unlike Mr. Nieminski, Mr. Robinson did establish that he had a reasonable expectation of privacy in this property because ordinary citizens would not disregard his threat of prosecution and the risk of a bad dog to enter through his closed but unlocked

---

[1]In the trial court, because the entry onto the property was found to be lawful, the State was only required to prove that Mr. Robinson's consent was voluntary by the preponderance of the evidence. See Faulkner v. State, 834 So. 2d 400, 403 (Fla. 2d DCA 2003). Had the trial court found the entry to be unlawful, the State would have faced the heavier burden of overcoming the presumption that Mr. Robinson's consent was not voluntary by clear and convincing evidence. See id. Without detailing the evidence, we agree with the State's concession on appeal that the evidence would not establish voluntary consent under this heightened standard.

gate. This case is more similar to the cases distinguished in <u>Nieminski</u> and to this court's recent decision in <u>Ferrer v. State</u>, 113 So. 3d 860 (Fla. 2d DCA 2012).

Although we do not have occasion to recede from <u>Nieminski</u>, we note that the <u>Nieminski</u> decision relied significantly on the "reasonable expectation" test derived from <u>Katz v. United States</u>, 389 U.S. 347 (1967). <u>See</u> <u>Nieminski</u>, 60 So. 3d at 524-29. We recognized that the officers in that case may have committed a trespass under section 810.09, Florida Statutes (2008). <u>Id.</u> at 528-29. We discussed cases in which an officer's trespass had not been treated as a violation of the Fourth Amendment based on the <u>Katz</u> analysis. <u>Id.</u> Since our decision in <u>Nieminski</u>, however, the United States Supreme Court has twice written divided decisions relying upon a pre-<u>Katz</u> trespass analysis. <u>See</u> <u>Florida v. Jardines</u>, 133 S. Ct. 1409 (2013); <u>United States v. Jones</u>, 132 S. Ct. 945 (2012). Whether these cases would now require a different outcome in <u>Nieminski</u> is open for debate but is not a matter that we need to decide today.

Reversed and remanded.

CASANUEVA and BLACK, JJ., Concur.